FILED ___ ENTERED
LOGGED ___ RECEIVED

JUL 13 2010

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BERNEARD ELMAN II** | * | |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 10-31** |
| **JP MORGAN CHASE BANK, N.A.** | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Berneard Elman II, proceeding *pro se*, has sued JP Morgan Chase Bank, N.A. ("Chase"), in four counts alleging that Chase: (I) violated the Truth in Lending Act and Regulation Z; (II) engaged in document fraud because the Loan's Deed of Trust was improperly notarized and acknowledged; (III) breached a contract because Defendant failed to provide interest rate resets under the terms of the Deed of Trust; and (IV) engaged in deceptive trade practices by misleading, misinforming and misrepresenting the loan's terms and conditions.[1]

Chase has filed a Motion to Dismiss, asserting that Elman fails to state a claim upon which relief may be granted because the Loan's Deed of Trust complies with statutory requirements and that he is time-barred from claiming otherwise. Additionally, Chase asserts that Elman fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) with respect to Counts I, III and IV of the Complaint. Chase's Motion to Dismiss [Paper No. 4] is **GRANTED** with **LEAVE TO AMEND** Counts III and IV.

---

[1] Elman has filed a Motion for Leave to File a Surreply [Paper No. 11]. The Motion is **GRANTED**.

1

# I.

On June 6, 2007, Elman entered into a loan agreement with Washington Mutual Bank ("WaMu") in the amount of $512,000, posting real property in Montgomery County, Maryland as collateral. The loan agreement was signed at Elman's home without the use of a notary. Two days later, he received copies of the loan documents, which had been notarized at some point after he signed them. The Deed of Trust was recorded in the Montgomery County land records on March 8, 2008.

On September 25, 2008, Chase bought WaMu and acquired an interest in Elman's loan. Subsequently, Elman's line of credit with WaMu was also moved to Chase.

Elman claims that from the time he entered into the loan agreement with WaMu, he tried to take advantage of a fixed rate loan option. He concedes that WaMu told him that his then current rate was better and that he was never given a clear answer as to what other rates were available. Elman alleges that he was never actually allowed to receive interest rate resets as promised.

After his loan was acquired by Chase, Elman says that on two separate occasions he mailed Chase checks for amounts more than the minimum balance, with instructions that the additional money be applied to the principal balance. Instead, he says, the money was applied toward future interest payments. While this mistake was promptly corrected, Elman alleges that this practice was intentionally designed by Chase in order to maximize its interest income at Elman's detriment.

On these facts, on March 19, 2009, Elman filed suit in the District Court for Montgomery County. On September 10, 2009, that case was dismissed without prejudice at Elman's request. On January 6, 2010, Elman filed his Complaint in this Court.

## II.

A motion to dismiss filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court may dismiss the complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sonoma*, 534 U.S. 506, 514 (2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

In ruling on a motion to dismiss, the court should "[accept] all well-pleaded allegations in the plaintiff's complaint as true and [draw] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards*, 178 F.3d at 244. However, the court does not need to accept any fact inconsistent with the complaint's allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Associates, Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Thus, while Rule 8(a) is a liberal pleading standard, "more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *Migdal v. Rowe Price-Fleming Intl., Inc.*, 248 F.3d 321, 326 (4th Cir. 2001). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (required "showing, rather than a blanket assertion, of entitlement to relief").

In cases of fraud or mistake, "a party must state with particularity the circumstances." Fed. R. Civ. P. 9(b). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999).

## III.

### A.

Elman submits that Chase has violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and Federal Regulation Z, 12 C.F.R. 226.

15 U.S.C. § 1640(e) provides that a civil action for monetary damages under TILA must "be brought…within one year from the date of the occurrence of the violation," which in this case would be June 8, 2007, the date when Elman closed the loan transaction that Elman contends violated TILA. This same one-year statute of limitations applies to violations of Regulation Z. 12 C.F.R. § 226.1(e) (2010). Thus, Elman's TILA and Regulation Z claims are time-barred because he filed his Complaint on January 6, 2010, well after the one-year statute of limitations had run.

Several courts, including this one, have held, however, that the equitable doctrine of fraudulent concealment can toll the statute of limitations for TILA claims. *See, e.g., Kerby v. Mortgage Funding Corp.*, 992 F. Supp. 787, 798 (D. Md. 1998) (the fraudulent concealment doctrine can toll the statute of limitations for TILA claims); *see also Espejo v. George Mason Mortgage, LLC*, 2010 WL 447009 at *6 (E.D. Va. Feb. 2, 2010) (identifying four different U.S. Courts of Appeals that have held that the statute of limitations for TILA claims is subject to equitable tolling). However, that doctrine does not avail Elman in this case.

As the Court of Appeals for the Fourth Circuit has explained, "the fraudulent concealment doctrine tolls the statute of limitations 'until the plaintiff in the exercise of reasonable diligence discovered or should have discovered the alleged fraud or concealment.'" *Browning v. Tiger's Eye Benefits Consulting*, 313 F. Appx. 656, 663 (4th

4

Cir. 2009) (citation omitted). Equitable tolling provides no salvation to Elman. He sent a letter, dated February 21, 2008, to WaMu stating that he has had problems in regard to his fixed-rate loan option and that WaMu's failure to reset his interest rate "certainly does not lend itself to complying with the Truth in Lending Act." At that point, Elman clearly discovered what he now characterizes as fraudulent conduct. Therefore, even considering equitable tolling, the statute of limitations expired in February 2009, one year after Elman concretely discovered the alleged fraud. Since the present suit was filed on January 6, 2010, Count I of the Complaint alleging violations of TILA and Federal Regulation Z is **DISMISSED WITH PREJUDICE**.

**B.**

Elman next submits that his Deed of Trust was improperly notarized and acknowledged, thus rendering it void and releasing him from all obligations under the document.

Maryland law provides that a defective, improper or lack of acknowledgement or notarization "has no effect *unless it is challenged in a judicial proceeding commenced within six months after it is recorded.*" Md. Code, Real Prop. § 4-109(b) (emphasis added). Additionally, "unless the instrument is attacked within [that] limited time," then "the defects enumerated in § 4-109 do not affect the validity of the recorded instrument." *See Frank v. Storer*, 308 Md. 194, 207 (1986), rev'd on other grounds by *Greenpoint Mortgage Financing, Inc. v. Schlossberg*, 390 Md. 211 (2005).

The Deed of Trust was recorded on March 8, 2008. Under Maryland law, Elman had until September 8, 2008 to challenge the validity of the document based on an alleged improper acknowledgement or notarization. Since he did not file suit until

January 6, 2010, the Deed of Trust is valid, regardless of any alleged defects. Accordingly, Count II of the Complaint alleging document fraud is **DISMISSED WITH PREJUDICE**.

### C.

In his third count, Elman alleges that Chase failed to reset his interest rate under the terms of the loan when Elman requested such, thereby breaching the loan agreement.

In order to claim breach of contract under Maryland law, the plaintiff must "allege with certainty and definiteness facts showing a contractual obligation owned by the defendant to the plaintiff and a breach of that obligation by the defendant." *Cont'l Masonry Co. v. Verdel Constr. Co.*, 279 Md. 476, 480 (1977).

Elman's alleged requests were made to the initial lender, WaMu, before September 25, 2008, when Chase acquired an interest in the loan. The Purchase and Assumption Agreement between the FDIC-receiver (acting for WaMu) and Chase, provides that:

> "[A]ny liability associated with borrower claims for payment of or liability to any borrower...related in any way to any loan or commitment to lend made by the Failed Bank prior to failure...are specifically not assumed by the Assuming Bank"

(§ 2.5).[2] Given this language, Chase owed no contractual obligation to Elman with regard to WaMu's failure to provide him with requested interest rate resets.

---

[2] § 12.1 of the Purchase and Assumption Agreement between the FDIC-receiver (acting for WaMu) and Chase specifically provides that the FDIC-receiver will indemnify Chase for any judgment based on the liabilities of WaMu not assumed by Chase pursuant to the Purchase and Assumption Agreement (such as any liability associated with borrower claims disclaimed in § 2.5). Accordingly, any borrower claim that originated before September 25, 2008 when Chase assumed Elman's loan, must be directed against the FDIC-receiver, not Chase.

6

Accordingly, Count III of the Complaint alleging breach of contract is **DISMISSED WITHOUT PREJUDICE**. Elman is given **LEAVE TO AMEND** his Complaint within twenty days to allege any breach of contract that he maintains occurred <u>after</u> September 25, 2008, the date when Chase took over his loan from WaMu.

**D.**

Finally, Elman alleges that Chase engaged in deceptive trade practices because it intentionally misled and misinformed him with respect to the terms and conditions of the loan, including the interest rate, Elman's ability to manage the loan, payment processes, and general customer service.

Allegations involving an element of fraud or mistake must comply with the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (plaintiffs must plead "the time, place, and contents of false representations, as well as the identity of the person making the representation and what he obtained thereby"). A "lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Id.* at 783.

The Court agrees with Chase that Elman has failed to allege with requisite particularity the circumstances constituting Chase's supposed fraud or mistake, relying as he does solely on blanket assertions that Chase engaged in fraudulent business practices. The allegations in Elman's Response to Chase's Motion to Dismiss suggest that he may in fact meet the heightened pleading standard since he does make reference to certain actions on specific dates. However, a pleading in response to a motion is not the same as

a complaint. *See* Fed. R. Civ. P. 7(a). Therefore, statements included in Elman's Response to Chase's Motion to Dismiss cannot satisfy Rule 9(b).

As a result, Count IV of the Complaint alleging deceptive trade practices on the part of Chase is **DISMISSED WITHOUT PREJUDICE**. Elman is given **LEAVE TO AMEND** his Complaint within twenty days to include specific allegations of fraud and mistake as required by Rule 9(b). Chase may thereafter refile another appropriate dispositive motion.

**IV.**

For the forgoing reasons, Defendant Chase's Motion to Dismiss is **GRANTED WITH PREJUDICE** as to Counts I and II of the Complaint and **GRANTED WITHOUT PREJUDICE** as to Counts III and IV of the Complaint. Plaintiff Elman is given **LEAVE TO AMEND** Count III of the Complaint to allege any breach of contract that he maintains occurred after September 25, 2008 and leave to amend Count IV of the Complaint to include specific allegations of fraud and mistake. Elman shall have twenty days to amend his Complaint in these respects. Chase may thereafter file appropriate dispositive motions.

A separate Order will issue.

July 13, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

8